# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

May 3, 2007

Mr. David Mills
Hammons & Mills
115 W. 8th Ave., Suite 280
Eugene, OR 97401

Mr. Wayne W. Maynard
Mr. Stevens Kendall
Ms. Lori Allen
325 "A" Street
Springfield, OR 97477

RE: Pete Hansen & Sons v. Maynard, Kendall, and Allen 07-6034-fra

Dear Sirs and Madam:

The Plaintiff filed a complaint against the named Defendants, seeking subordination of their claims for purposes of distribution to all general unsecured claims in the 10 Bears at Chiloquin, Inc. bankruptcy (06-62079-fra7). Defendants filed a motion to dismiss or, in the alternative, for a more definite statement. For the reasons that follow, the Defendants' motion will be denied.

### Motion to Dismiss

Defendants allege that the complaint should be dismissed based on Plaintiff's alleged lack of standing. As the opinion cited by Plaintiff in its response ( <u>In re Racing Services, Inc.</u>, 2007 WL 704984 (8th Cir. BAP 2007)) makes clear, an unsecured creditor of a debtor is clearly a party in interest with standing to object to the claims of other creditors. 11 U.S.C. § 510(c), which provides for the equitable subordination of claims, does not limit those parties who may seek that remedy. Plaintiff has standing to bring an action for equitable subordination of Defendants' claims.

### Motion for More Definite Statement

Fed.R.Civ.P. 12(e) requires in those circumstances where a pleading is so vague or ambiguous that a party cannot reasonably be expected to frame a responsive pleading, that the party may move for a more definite statement before filing its responsive pleading.

Defendants argue that the complaint alleges fraud and misrepresentation on the part of the Defendants, but that Fed.R.Civ.P. 9(b) requires that the circumstances constituting fraud must be stated with particularity. The complaint alleges inequitable conduct, including

Mr. Mills, Maynard, Kendall and Ms. Allen
May 3, 2007
Page - 2

"Misappropriation, conversion, and embezzlement of assets of the debtor," and "Fraud involving securities."  While the allegations are short on specifics, they do put the Defendants on notice of the particular sorts of conduct being alleged, especially when combined with allegations made in state court proceedings between the parties and in the bankruptcy case in this matter.  There is certainly enough information provided for the Defendants to frame a responsive pleading.  I therefore find that the allegations are stated with enough particularity to satisfy the requirements of Fed.R.Civ.P. 9(b) and 12(e).

     Conclusion

This Letter Opinion constitutes my findings of fact and conclusions of law.  An order in conformity with this opinion will be entered by the court.

     Very truly yours,

     FRANK R. ALLEY
     Bankruptcy Judge